CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Jonathan Aminoff (Bar No. 259290)
(E-mail: jonathan_aminoff@fd.org)
Shannon Coit (Bar No. 298694)
(E-Mail: shannon_coit@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARIA ALEJANDRA MEDINA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIA ALEJANDRA MEDINA, et al., <br><br> Defendant. | Case No. 24-cr-00238-SVW <br><br> **MARIA ALEJANDRA MEDINA'S OPPOSITION TO MOTION *IN LIMINE* NUMBER 2 TO ADMIT DEFENDANT'S PRIOR CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 404(b); EXHIBIT A** |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................ 2

    A.    Ms. Medina's Prior Conviction Is Inadmissible Under Rule 404(b). ........... 2

        1.    Identity Is Not Disputed and Ms. Medina's Prior Conviction Is Not Probative to this Issue. ................................................................ 3

        2.    Ms. Medina's Prior Conviction Does Not Make It More Likely That She Knew About the Alleged Kidnapping Conspiracy ............. 5

    B.    Ms. Medina's Prior Conviction Is Not Admissible Under Rule 403 Because It Is Unduly Prejudicial, Causes Undue Delay, and Wastes Time. .............................................................................................................. 8

        1.    The Probative Value of Ms. Medina's Prior Conviction Is Substantially Outweighed By Its Undue Prejudice. ......................... 8

        2.    Admitting Ms. Medina's Past Conviction Risks Creating a Trial Within a Trial, Causing Undue Delay and Time Waste. ................. 10

    C.    The Governments Notice Is Untimely. ....................................................... 11

III. CONCLUSION ........................................................................................... 12

CERTIFICATE OF COMPLIANCE ................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*United States v. Allen*,
  341 F.3d 870 (9th Cir. 2003) ............................................................................. 9

*United States v. Alvarado-Guzman*,
  927 F.2d 610 (9th Cir. 1991) ........................................................................... 10

*United States v. Arambula-Ruiz*,
  987 F.2d 599 (9th Cir. 1993) ............................................................................. 5

*United States v. Barnes*,
  2023 WL 3051661 (N.D. Cal. Apr. 21, 2023) ................................................... 4

*United States v. Bejar-Matrecios*,
  618 F.2d 81 (9th Cir. 1980) ............................................................................... 8

*United States v. Bevine*,
  2013 WL 2154390 (D. Nev. May 17, 2013) ................................................... 11

*United States v. Brown*,
  880 F.2d 1012 (9th Cir. 1989) ....................................................................... 2, 3

*United States v. Caldwell*,
  760 F.3d 267 276 (3d Cir. 2017) .................................................................... 2, 3

*Carbajal v. Hayes Mgmt. Serv., Inc.*,
  2023 WL 8530294 (D. Idaho Dec. 8, 2023) ...................................................... 9

*United States v. Castillo*,
  181 F.3d 1129 (9th Cir. 1999) ........................................................................... 3

*United States v. Charley*,
  1 F.4th 637 (9th Cir. 2021) ................................................................................ 2

*United States v. Govey*,
  2018 WL 472796 (C.D. Cal. Jan. 17, 2018) ................................................. 7, 9

*United States v. Hall*,
  858 F.3d 254 (4th Cir. 2017) ............................................................................. 4

*United States v. Hernandez-Miranda*,
  601 F.2d 1104 (9th Cir. 1979) ................................................................ 1, 5, 6, 7

# TABLE OF AUTHORITIES

Page(s)

*Holmes v. Miller*,
   768 Fed. App'x 781 (9th Cir. 2019) ................................................................. 10

*United States v. Luna*,
   21 F.3d 874 (9th Cir. 1994) ................................................................................ 8

*United States v. Mehrmanesh*,
   689 F.2d 822 (9th Cir. 1982) .............................................................................. 7

*United States v. Miller*
   673 F.3d 688, 697 (7th Cir. 2012) ..................................................................... 3

*United States v. Rowe*,
   92 F.3d 928 (9th Cir. 1996) .............................................................................. 10

*United States v. Rusin*,
   889 F. Supp. 1035 ............................................................................................. 11

*United States v. Skillman*
   922 F.2d 1370, 1374 (9th Cir. 1990) ................................................................. 9

*United States v. Smith*,
   2017 WL 6054885 (D. Del. Dec. 7, 2017) ........................................................ 2

*United States v. Vega*,
   188 F.3d 1150 (9th Cir.1999) .......................................................................... 11

**Other Authorities**

Fed. R. Evid. 403 ........................................................................................... *passim*

Fed. R. Evid. 404 ........................................................................................... *passim*

Fed. R. Evid. 609 ................................................................................................. 12

# I. INTRODUCTION

Nothing in the government's motion provides a non-propensity rationale by which a juror could distinguish between the 2019 drug conviction and the allegations of a conspiracy to commit hostage taking in this case. It is clear that the government fully intends to argue, directly or indirectly, that Ms. Medina must be guilty of this crime because she was guilty of a previous crime. The government's basis for admitting Ms. Medina's prior conviction is vague, unsupported, unduly prejudicial, and would cause a trial within a trial. The Court should exclude any evidence relating to her prior conviction for four reasons.

First, the government seeks to admit Ms. Medina's statements to prove identity under Federal Rule of Evidence 404(b). Identity, however, is not contested in this case. Ms. Medina has not disputed she was present during the alleged events and admitted to being present when interrogated.

Second, though Ms. Medina disputes having any knowledge of the conspiracy alleged in this case, Ms. Medina's prior conviction does not make her knowledge any more likely, and it is not admissible under Rule 404(b) for this reason. The Ninth Circuit previously rejected the argument that one border crime makes one's knowledge of a subsequent border crime more likely. *See United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979). In doing so, the court stated that such an argument is "precisely the use of a prior bad act that is forbidden." *Id.* Moreover, Ms. Medina's non-violent conviction bares little to no resemblance to the violent kidnapping conspiracy alleged here. Such evidence is inadmissible under Rule 404(b).

Third, Ms. Medina's prior conviction also should be excluded under Rule 403 because it has little probative value, is highly prejudicial, and would create a trial within a trial.

Lastly, the government's notice pursuant to Rule 404(b) is untimely. Ms. Medina requested this evidence weeks ago and the government had several opportunities to provide it. Because of the seriousness of these crimes and additional

1

investigation required, the Court should deny the government's motion as untimely.

The Court should exclude Ms. Medina's prior convictions and any testimony regarding Ms. Medina's prior convictions, time spent in custody, or her status on supervised release and/or "probation" under Rules 403 and 404 and as untimely.

## II. ARGUMENT

### A. Ms. Medina's Prior Conviction Is Inadmissible Under Rule 404(b).

It is a "revered and longstanding policy that, under our system of justice, an accused is tried for what he did, not who he is." *United States v. Caldwell*, 760 F.3d 267 276 (3d Cir. 2017). For that reason, "evidence of a defendant's prior crimes or wrongful acts may not be introduced to show that the defendant has a bad character and is therefore more likely to have committed the crime with which he is charged." *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (noting the rule is designed to avoid the risk of conviction by a jury "convinced that the defendant is a bad man deserving of punishment"). Nonetheless, Rule 404(b) permits the use of a defendant's other wrongs to prove some non-propensity purposes. Fed. R. Evid. 404(b)(2).[1]

The government identifies four bases for admissions in its motion—identity, knowledge, lack of accident, and lack of mistake. (Dkt. No. 60 at 1.) It is not enough for the government to simply reference a Rule 404(b) basis; the government must offer a "propensity-free chain of reasoning" between the offense and the other acts. *United States v. Charley*, 1 F.4th 637, 651 (9th Cir. 2021). And not every enumerated basis is

---

[1] The government misapprehends Rule 404(b)'s status as a rule of "inclusion." *See* Dkt. No. 60 at 6,7, 9. This nomenclature refers to an early debate about whether the bases of admissibility set forth in the common law antecedent to Rule 404(b) were exhaustive, i.e., "exclusive," or whether any non-propensity purpose would justify the use of other wrongs, even if not specifically listed, i.e., "inclusive." *Caldwell*, 760 F.3d at 275-76 ("On this point, let us be clear; Rule 404(b) is a rule of general exclusion, and carries with it no presumption of admissibility.") (cleaned up); *see also United States v. Smith*, 2017 WL 6054885, at *2 (D. Del. Dec. 7, 2017) ("Rule 404(b) is 'inclusionary' only in the sense that Rule 404(b)(2)'s list of non-propensity purposes is non-exhaustive; that is, other acts evidence may be offered for any non-propensity purpose.") (emphasis in original). Hence, there is no default of admissibility for Rule 404(b) evidence; the government bears the burden to show its proffered evidence qualifies.

2

inherently relevant in every case. Instead, the government must prove "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir. 1999).

None of the government's proffered bases are proper under Rule 404(b).

### 1. Identity Is Not Disputed and Ms. Medina's Prior Conviction Is Not Probative to this Issue.

Identity is not a material point at issue in this case because it is undisputed. *See Brown*, 880 F.2d at 1015 ("The only disputed material issue in this case was whether Brown had the specific intent required to commit first degree murder. The evidence of Browns' prior acts is therefore admissible to show motive only if relevant to show Brown's specific intent.").

Courts routinely exclude evidence offered under Rule 404(b) where the defendant does not contest the point sought to be established by the evidence. For example, in *Caldwell*, a district court in a § 922(g) case admitted the defendant's prior conviction for possessing a firearm in order to prove the defendant's knowledge of firearms. 760 F.3d at 280-81. But the Third Circuit reversed, "since the only disputed fact was whether he actually possessed the gun," rendering knowledge "not at issue in this case and, thus, was not a proper basis for admitting" the convictions. *Id.* In *United States v. Miller*, the Seventh Circuit reversed a district court for admitting a prior conviction in a controlled substance distribution case because the defense "that the drugs were not his [] has nothing to do with whether he intended to distribute them." 673 F.3d 688, 697 (7th Cir. 2012) ("When, as was true here, intent is not meaningfully disputed by the defense, and the bad acts evidence is relevant to intent only because it implies a pattern or propensity to so intend, the trial court abuses its discretion by admitting it."). Similarly, the Fourth Circuit concluded evidence of a prior conviction should be excluded even though it helped prove the defendant's knowledge of

3

marijuana because he "did not contest that he knew, based on his knowledge of the odor of marijuana or otherwise, that there was marijuana inside" his home. *United States v. Hall*, 858 F.3d 254, 270 (4th Cir. 2017) (noting the "only contested issue" in the case was "whether Defendant had the power to exercise dominion and control over the marijuana and guns in the locked bedroom"); *see United States v. Barnes*, 2023 WL 3051661, at *1 (N.D. Cal. Apr. 21, 2023) (rejecting government's argument that 404(b) evidence was admissible to show knowledge and lack of mistake where defendant had "disavowed" those arguments and "further agreed that he will not argue" them).

Consistent with her statement to the police, Ms. Medina acknowledges that she was present at the McDonald's with R.V.'s family members and she accepted a ride with them to the border. Thus, identity is not a material issue in this case and cannot support the admission of Ms. Medina's prior conviction under Rule 404(b).

Relatedly, the government argues that Ms. Medina's statement to R.V.'s family members[2] about recently being in jail would "bolster[] the credibility" of whichever family member testifies to it. But, if that statement is admitted (defense seeks to exclude it), the defense would not plan to challenge this statement.[3] The government

---

[2] Ms. Medina allegedly made statements to R.V.'s sister at the McDonald's in San Ysidro, as well as statements to R.V's brother-in-law and brother on the car ride to the U.S.-Mexico border. The statement at issue here relates to the latter conversation.

[3] The government assumes that defense counsel's request for recordings of the witness interviews means that the defense will put the family members' credibility at issue. However, defense counsel requested these recordings to verify the accuracy of the *agent's* recordings and summary of these interviews. This request proved well-founded. This week, for the first time, the defense learned that the agent's description of a key piece of evidence from an interview with R.V.'s sister is false. An agent described a call that R.V.'s sister purportedly received on November 10, 2022, the day before the alleged ransom exchange, from "UM2" (identified earlier in the report as Mario Medina's son, Jose Medina) where "UM2" threatened to kill R.V. if a ransom was not paid. The government then described this "threat" as coming from Jose Medina in various documents, including warrant applications, the complaint, and the indictment. (*See, e.g.,* Dkt No. 1 at 4; ECF No. 20 at 5, 7, 9 (Overt Act No. 6; Count 3).) However, three days ago, on October 8, 2024, government counsel revealed to defense counsel that it would not argue, nor would R.V.'s sister testify, that the threat, or any call, came from Jose Medina on November 10, 2022. And the government has yet to clarify whether any threat occurred on this call. Two days ago, on October 9, 2024, defense counsel learned for the first time that an FBI agent interviewed R.V.'s

4

provides no legal support that bolstering a witness's credibility, especially when certain testimony is not challenged, is a permissible basis for admitting this evidence under Rule 404(b).

### 2. Ms. Medina's Prior Conviction Does Not Make It More Likely That She Knew About the Alleged Kidnapping Conspiracy.

Ms. Medina's prior conviction for drug importation is not probative to the issue of knowledge.[4] And the government has failed to make its initial showing that Ms. Medina's prior conviction is probative to her knowledge[5] of a conspiracy to kidnap in this case. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993) (stating the standard for knowledge).

The thrust of the government's argument is that, because Ms. Medina previously committed a crime that involved crossing the U.S.-Mexico border, she had knowledge of this (unrelated) crime involving crossing the U.S.-Mexico border. The Ninth Circuit has plainly rejected this argument. In a closer case, *United States v. Hernandez-Miranda*, the Ninth Circuit held a district court erred when it admitted, under Rule 404(b), the defendant's prior conviction for smuggling marijuana over the border in a

---

sister on April 8, 2024 where she stated that she did not remember what was said on the referenced November 10, 2022 call. In notes produced today from the April 8, 2024 call, defense counsel learned that R.V.'s sister stated that she only spoke to Jose Medina on November 11, 2022, not on November 10, 2022. Defense counsel's investigation into how this false statement was initially made, and why it was included in the subsequent documents, is ongoing.

[4] The government also lists "lack of accident" and "lack of mistake" but seem to address these bases along with "knowledge."

[5] To prove a conspiracy, the government must prove knowing participation in an unlawful plan "*with the intention* to advance or further" some object of the conspiracy. Ninth Cir. Model Jury Instr. 11.1 ("One becomes a member of a conspiracy by knowingly participating in the unlawful plan *with the intent* to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.") (emphasis added). Mere knowledge (or willful blindness) is not enough. *See id.* ("Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists."). Thus, while the government must prove knowledge, it must also prove intent. Nonetheless, the defense disputes Ms. Medina knew about any conspiracy between Mario and Jose Medina to kidnap R.V. on November 11, 2022.

5

case where the defendant was charged with smuggling a different drug over the border. *See* 601 F.2d 1104, 1007-08. The court held that the government failed to show how the prior conviction was relevant to proving knowledge when "[t]he sole similarity between the prior offense and the offense for which [the defendant] was on trial is smuggling contraband across the border." *Id.* The Ninth Circuit further explained that the government's theory that "a person who has shown an inclination to smuggle contraband across the border on one occasion may be inclined to do so on another" is "precisely the use of a prior bad act that is forbidden." *Id.* In this case, the government makes the same propensity argument: because Ms. Medina previously crossed the border to commit a crime, she again crossed the border to commit a (different, unrelated) crime.[6] (Dkt. No. 60 at 8.) The Court should follow clear, on-point Ninth Circuit case law and reject the government's argument to admit Ms. Medina's prior conviction.

Moreover, Ms. Medina's prior conviction is strikingly different than the allegations in this case, and it does not make her knowledge anymore probable. The government outlines these key differences in its own motion:

> [Ms. Medina]'s prior convictions involve drug trafficking, which is a *nonviolent* offense that *did not involve victims*. In contrast, the charged conspiracies in the indictment involve a kidnapping victim whose home was invaded and who was pistol-whipped and beaten with hammers while held at gunpoint in a subterranean trench. His life was threatened, and his family was extorted. [Again, Ms. Medina]'s prior convictions . . . do not involve acts of violence.

---

[6] In its motion, the government states its argument as follows: "Evidence of [Ms. Medina]'s prior drug trafficking convictions for bringing large amounts of controlled substances across the U.S. border from Mexico is probative to her knowledge of the charged conspiracies as such suggests a reasonable person in her position would not cross the border to retrieve $30,000 without understanding exactly what that money was for, especially since she had just finished a five-year sentence in federal prison for smuggling kilogram quantities of drugs across the border in a car." (Dkt. No. 60 at 8.) The Court should not let the government's unruly articulation of its theory distract it from the reality that the government is arguing propensity.

6

(Dkt. No. 60 at 10 (emphasis added).)  The leap needed to get from non-violent drug offense that did not involve a weapon to kidnapping for ransom is one too far.  And though Ms. Medina's prior conviction and the facts in this case involve crossing the U.S.-Mexico border, that is where the similarities of the crossing end.  In her prior conviction, she crossed by car and alone, and in this case, she crossed by foot and with her nephew.  The direction of the crossing and what she allegedly crossed with also differ: Ms. Medina was convicted of crossing to enter the United States with drugs and here she is accused of crossing to leave the United States with a different type of alleged contraband (money).

Put differently, if Ms. Medina denied knowing why her nephew crossed the border to collect a large sum of money and the conspiracy involved importing drugs in a similar manner, then her prior conviction could be probative to her knowledge of such a conspiracy.  *See, e.g., United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982) ("We have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of . . . knowledge, . . . and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics."); *but see, e.g., Hernandez-Miranda*, 601 F.2d at 1108 (holding a district court erred in admitting a prior conviction for drug smuggling under Rule 404(b) where the only similarity was smuggling drugs across the border); *United States v. Govey*, 2018 WL 472796, at *3 (C.D. Cal. Jan. 17, 2018) (excluding two prior convictions for drug crimes in a case for possession with intent to distribute under Rule 404(b) because "logical connection between the two events is very weak, provides limited probative value, and crosses the line into improper character evidence").  However, that is not the case here.  The differences are too great to make her prior conviction have any probative value to the jury.

Moreover, if the government seeks to argue that no reasonable person would "cross the border to retrieve $30,000.00 without understanding exactly what that money was for," (Dkt. No. 60 at 8), it can do so without citing to Ms. Medina's prior

7

conviction. Having a prior drug conviction does not add anything to the government's scenario, except to improperly infer that "once a criminal, always a criminal." *See United States v. Bejar-Matrecios*, 618 F.2d 81, 84 (9th Cir. 1980) (explaining that when a prior conviction is admitted, "a jury is likely to infer that, having once committed a crime, the defendant is likely to do it again"). And this is exactly the type of evidence is inadmissible under Rule 404(b).

\*   \*   \*

Because the government has not met its burden to show that Ms. Medina's prior conviction support a proper basis under Rule 404(b), the Court should exclude it and any testimony relating to Ms. Medina's conviction.

**B.     Ms. Medina's Prior Conviction Is Not Admissible Under Rule 403 Because It Is Unduly Prejudicial, Causes Undue Delay, and Wastes Time.**

Even if the Court holds that Ms. Medina's prior convictions are admissible under Rule 404(b), the Court should nonetheless exclude this evidence under Rule 403. *See United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994) ("If the evidence in question satisfies these [four] requirements, the [district] court must then apply [Federal Rule of Evidence] 403 [as a separate test of the evidence's admissibility.]"). The government claims that the jury should not make a "critical determination in such a factual vacuum," and thus Ms. Medina's prior conviction is admissible under Rule 403. (Dkt. No. 60 at 10.) That is not the standard. In fact, Rule 403 exists only to exclude "relevant evidence" on balance with other critical dangers, such as unfair prejudice, undue delay, and wasting time. *See* Fed. R. Evid. 403. Because Ms. Medina's prior conviction is both unduly prejudicial and would create a trial within a trial, causing unduly delay and waste jurors' and the Court's time, it is inadmissible.

**1.     The Probative Value of Ms. Medina's Prior Conviction Is Substantially Outweighed By Its Undue Prejudice.**

The limited probative value of Ms. Medina's prior conviction as a drug mule six

8

years ago in a case involving a violent kidnapping is substantially outweighed by the undue prejudice she would face. As stated above, *supra* 6, the government even outlines the key differences between her prior conviction and the acts in this case. (Dkt. No. 60 at 10 (recognizing that Ms. Medina's prior conviction "is a nonviolent offense that did not involve victims" and dissimilar to the violent crime here where an individual was "pistol-whipped and beaten with hammers while held at gunpoint in a subterranean trench" and had his life threatened).) The minimal probative value is clear.

What is also clear is that her prior conviction is highly prejudicial. Jurors will tend to believe exactly the impermissible inference that Rule 403 is designed to avoid: if Ms. Medina committed a crime before, then she is more likely to commit a crime in this case. The cases that the government cites are distinguishable and not instructive. (*See* Dkt. No. 60 at 10.) Both cases involve highly probative evidence to an element of a hate crime statute, racial animus, which the Ninth Circuit has recognized is difficult to prove. In *United States v. Skillman*, the Ninth Circuit affirmed a district court that admitted certain "skinhead" evidence in a hate crime trial. (Dkt. No. 60 at 10 (citing 922 F.2d 1370, 1374 (9th Cir. 1990).) The court explained that this evidence was highly probative because it "tended to establish [the defendant]'s racial animus," an element of the charged crime, and pointed to the difficulty of establishing this element. *Id.* Likewise, in *United States v. Allen*, the Ninth Circuit affirmed the admission of evidence that the defendants were skinheads and white supremacists in another hate crime case. (*See* Dkt. No. 60 at 10 (*United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003). Again, it is hard to imagine more probative evidence that goes directly to the elements of the charged crimes, and thus these cases are dissimilar and not instructive.

As explained above, Ms. Medina's prior conviction does not go to an element of the charged crime in the same way as in *Skillman* and *Allen*, and does not have the same probative value. Courts regularly exclude evidence in such cases as this under Rule 403. *See, e.g., Govey*, 2018 WL 472796, at *3 (excluding prior convictions under

9

Rule 403 because it would "be very difficult for the jury, even if the Court gives a limiting instruction, not to consider the prior drug trafficking convictions for improper character purposes"); *Carbajal v. Hayes Mgmt. Serv., Inc.*, 2023 WL 8530294, at *3 (D. Idaho Dec. 8, 2023) ("Evidence of [a defendant's] prior criminal conviction has marginal probative value and, if admitted at trial, would likely create a significant risk of unfair prejudice."); *United States v. Rowe*, 92 F.3d 928, 933 (9th Cir. 1996) (affirming a court's refusal to allow a prior conviction into evidence under Rule 403).

### 2. Admitting Ms. Medina's Past Conviction Risks Creating a Trial Within a Trial, Causing Undue Delay and Time Waste.

Finally, if admitted, the government essentially seeks to relitigate Ms. Medina's "2018 convictions and the underlying facts," (Dkt. No. 60 at 8), which would create a trial within a trial and unduly delaying trial and wasting time. *See Holmes v. Miller*, 768 Fed. App'x 781, 784 (9th Cir. 2019) (affirming a district court's exclusion of prior discipline history and statements made in other courts under Rule 403 because such evidence "likely *would* have resulted in mini-trials" (emphasis in original)). In its Motion, the government points to Ms. Medina's statements in her post-arrest interview that she felt, essentially, set up by Jose and/or Mario Medina for her 2019 conviction. (Dkt. No. 60 at 8.) However, Ms. Medina signed a plea agreement in that case where she admitted to knowingly importing drugs into the United States. (*Id.* at Ex. 2.) Her plea agreement explains that Ms. Medina "did not know what type of drug" she was transporting because "she deliberately avoided learning the truth." (*Id.* at Ex. 2 at 4.) To make the logical leaps that the government proposes, and to properly defend such an argument, it would require additional testimony to the jury about what exactly occurred during the 2019 conviction.[7] Such testimony could include, but is not limited to, what

---

[7] If Ms. Medina's prior conviction is admitted, the defense anticipates admitting additional evidence to provide context, including as to the issue of knowledge and intent. *See United States v. Alvarado-Guzman*, 927 F.2d 610 (9th Cir. 1991) ("The conspiracy mens rea instruction protects defendants from being convicted for joining a

10

roles Jose and/or Mario Medina[8] had in the events of that case (neither of them were charged in her case) and what other relevant statements Ms. Medina made (or did not make) during the prior case.

According, the Court should also exclude any testimony about Ms. Medina's prior conviction, including R.V. family member's statements, because it would create a mini-trial and cause an undue delay and as a waste of time under Rule 403.

**C.    The Governments Notice Is Untimely.**

Under Rule 404(b), the government must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it" and "do so in writing before trial—or in any form during trial if the court, for good cause, excuses a lack of pretrial notice." Fed. R. Evid. 404. "Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir.1999). "Failure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." *Id.* Reasonable notice depends on the individual case, and no one time frame can be said to be "reasonable." Fed. R. Evid. 404(b); *see also United States v. Bevine*, 2013 WL 2154390, at *3 (D. Nev. May 17, 2013) (granting defendant's motion that the government must provide 404(b) notice three weeks in advance of trial); *United States v. Rusin*, 889 F. Supp. 1035, 1036 (N. D. Ill. 1995 (requiring the government to produce 404(b) evidence thirty-five days before trial in a theft of government funds case).

This case involves a conspiracy to commit an international hostage taking where the maximum penalty includes life in prison and the anticipated guideline range

---

conspiracy inadvertently: a late joiner may well not know the existing plan had an unlawful objective; a peripheral player might know of the unlawful plan, but not intend it to be carried out.").

[8] Such testimony has the potential to create Confrontation Clause issues as to Ms. Medina's co-defendant Mario Medina.

11

exceeds fifteen years. It includes several discovery productions (and counting) and three cell phone extractions (including extractions from Mario Medina that required an external hard drive of at least 175 GB that was produced on October 2, 2024). For that reason, on August 5, 2024, defense counsel sent discovery requests to the government and requested for "[a]ny prior conviction(s), any 'prior similar act(s),' or any other alleged uncharged misconduct evidence, covered by Rules 609 or 404(b) of the Federal Rules of Evidence" that the government "may seek to introduce at trial and the theory of its admissibility." (Ex. A at 5.) The request also stated the defense's position that "reasonable notice means notice no later than the deadline for filing motions in this case." (*Id.*) The government never objected to this position, and the deadline for filing pre-trial motions was August 12, 2024. (ECF No. 42 at 2.) Even if the government required additional time to provide notice, it could have done so by the court hearings held on September 9 or September 23rd, or when the Court granted a two week trial continuance (in part because the government had yet to produce Mario Medina's phone data). Instead, the government waited another two weeks, and just fifteen days before the new trial date, to give 404(b) notice.

The government provides no justification for its delay and admits it was aware of Ms. Medina's criminal history since at least the beginning of this case over five months ago. (MIL at 12.) It is not enough under Rule 404(b)'s notice requirement that the government produced Ms. Medina's criminal history in its initial production to the defense. That is especially true where, as is here, the defense requested specifically 404(b) evidence. The government cites only to out of district and unpublished case law to support its position that notice was timely. (MIL at 11-12.)

Because of the government's unexcused delay, the Court should deny the government's request to admit 404(b) evidence as untimely.

### III.   CONCLUSION

The Court should exclude evidence, including testimony from R.V.'s family members, relating to Ms. Medina's prior conviction under Rules 403 and 404 and as

12

1  untimely.  The government seeks to admit this evidence for identity, which is not
2  disputed, and for knowledge and lack of mistake or accident when the Ninth Circuit
3  already rejected a similar argument.  This is the definition of improper character
4  evidence, and the Court should not admit it under Federal Rule of Evidence 404(b).
5  Further, the Court should exclude this highly prejudicial evidence under Rule 403
6  because its probative value does not substantially outweigh prejudice and because it
7  would cause a trial within a trial.  Lastly, the government's request was also untimely.
8       According, the Court should exclude Ms. Medina's prior convictions and any
9  testimony regarding Ms. Medina's prior convictions, time spent in custody, or her
10 status on supervised release and/or "probation"

                                 Respectfully submitted,

                                 CUAUHTEMOC ORTEGA
                                 Federal Public Defender

DATED: October 11, 2024        By  */s/ Shannon Coit*
                                 JONATHAN C. AMINOFF
                                 SHANNON COIT
                                 Deputy Federal Public Defenders
                                 Attorneys for MARIA ALEJANDRA MEDINA

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Maria Alejandra Medina, certifies that this brief contains about 5,278 words, which complies with the word limit of Local Rule 11-6.1.

DATED: October 11, 2024          By /s/ *Shannon Coit*
                                    Shannon Coit
                                    Deputy Federal Public Defender